IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHON ANDREW HAMPTON,<br><br>     Petitioner,<br><br>   vs.<br><br>M. BITER, Warden<br><br>     Respondent. | No. 2:12-cv-00946-JKS<br><br>MEMORANDUM DECISION |

## I. BACKGROUND/PRIOR PROCEEDINGS

Jonathon Andrew Hampton, a state prisoner appearing *pro se*, filed a Petition for Writ of Habeas Corpus with this Court pursuant to 28 U.S.C. § 2254. Hampton was charged with the drug-related murder of Jonathan Giurbino. A jury acquitted Hampton of first-degree murder but found him guilty of second-degree murder. The jury found true the allegation that Hampton used a firearm in the commission of the offense but found untrue the allegations that Hampton had personally and intentionally discharged a firearm in the commission of the offense and had personally and intentionally discharged a firearm causing great bodily injury or death in the commission of the offense. The trial court sentenced Hampton to state prison for a term of 15 years to life, enhanced by a determinate term of 10 years for the gun use enhancement. Hampton is currently in the custody of the California Department of Corrections and Rehabilitation and is incarcerated at Kern Valley State Prison.

-1-

## II. GROUNDS RAISED

In his petition filed with this Court, Hampton claims as follows: (1) the trial court failed to *sua sponte* instruct the jury that the defense of self-defense lies for a person who resists a forcible and atrocious crime such as robbery; (2) the court of appeal erred in denying his Petition for Writ of Habeas Corpus because it denied it on the same day it was received and also summarily denied the petition in violation of the California Rules of Court and California case law; (3) the trial court erred in denying his motion for a new trial; and (4) the cumulative effect of these errors violated his Fifth, Sixth and Fourteenth Amendment rights.

Respondent answered, and Hampton has responded. Respondent does not raise any affirmative defenses. Hampton is also requesting the appointment of counsel and an evidentiary hearing.

## III. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2). A state-court decision is "contrary" to federal law "if the state court applies a rule that contradicts the governing law set forth" in controlling Supreme Court authority or "if the state court confronts a set of facts that are materially indistinguishable from a decision" of the Supreme Court but nevertheless arrives at a different result. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision." *Williams*, 529 U.S. at 412.  The holding must also be intended to be binding upon the states; that is, the decision must be based upon constitutional grounds, not on the supervisory power of the Supreme Court over federal courts. *Early v. Packer*, 537 U.S. 3, 10 (2002).  Where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'" *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (citation omitted).  In applying these standards in habeas review, this Court reviews this "last reasoned decision" by the state court. *Robinson v. Ignacio*, 360 F.3 1044, 1055 (9th Cir. 2004) (citing *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002)).  Under AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *see also Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court is not required to give reasons before its decision can be deemed to be "adjudicated on the merits." *Harrington v. Richter*, 131 S. Ct. 770, 784-85 (2011).  When there is no reasoned state-court decision denying an issue presented to the state, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state law procedural principles to the contrary." *Id.* (citing *Harris v. Reed*, 489 U.S. 255, 265 (1989)). However, "[t]he presumption may be overcome when there is reason to think some other explanation for the state court's decision is more likely." *Id.* at 785 (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991)).  Where the presumption applies, this Court must perform an independent review of the record to ascertain whether the state-court decision was "objectively

unreasonable." *Reynoso v. Giurbino*, 462 F.3d 1099, 1109 (9th Cir. 2006) (citation omitted).  In

conducting an independent review of the record, this Court presumes that the relevant state-court

decision rested on federal grounds.  *See Coleman v. Thompson*, 501 U.S. 722, 740 (1991).

Moreover, this Court gives that presumed decision the same deference as a reasoned decision.

*Richter*, 131 S. Ct. at 784-85.  The scope of this review is for clear error of the state-court ruling

on the petition.  *Delgado v. Lewis* (*Delgado II*), 223 F.3d 976, 982 (9th Cir. 2000).  "[A]lthough

we independently review the record, we still defer to the state court's ultimate decision." *Pirtle

v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002).

IV. DISCUSSION

**A. Evidentiary Hearing**

Although state prisoners may sometimes submit new evidence in federal court,

"AEDPA's statutory scheme is designed to strongly discourage them from doing so." *Cullen v.

Pinholster*, 131 S. Ct. 1388, 1401 (2011).  Provisions like 28 U.S.C. §§ 2254(d)(1) and (e)(2)

ensure that "[f]ederal courts sitting in habeas are not an alternative forum for trying facts and

issues which a prisoner made insufficient effort to pursue in state proceedings." *Id.* (citing

*Williams,* 529 U.S. 437).

Accordingly, a federal habeas proceeding is decided on the complete state-court record,

and a federal evidentiary hearing is required only if the trier of fact in the state proceeding has not

developed the relevant facts after a full hearing.  *Pinholster*, 131 S. Ct. at 1398-99.  Hampton did

not request an evidentiary hearing in his petition for habeas corpus relief in the superior court or

the court of appeal.  However, in his petition for habeas relief in the California Supreme Court,

Hampton included just immediately below the space for the case number "Evidentiary Hearing

-4-

Requested." Hampton similarly requested an evidentiary hearing in the caption of his First

Amended Petition filed with this Court. In this Court, as was the case in the state court,

Hampton does not identify what evidence or testimony is to be proffered at an evidentiary

hearing. Nor did Hampton identify any contested factual issue that would have required the

California courts to hold an evidentiary hearing to resolve. Thus, it cannot be said on the record

that the state court precluded him from developing the factual basis for his claim. Because

Hampton has not identified any factual conflict that would require this Court to hold an

evidentiary hearing to resolve, his request for an evidentiary hearing will be denied.

**B. Motion to Appoint Counsel**

    In the caption of his petition filed with this Court, Hampton requests the appointment of

counsel. There is no constitutional right to counsel in federal habeas proceedings. *See*, *e.g.*,

*Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Appointment of counsel is not required

in a habeas corpus proceeding in the absence of an order granting discovery or an evidentiary

hearing. Rules Governing Section 2254 Cases in the U.S. Dist. Courts, Rules 6(a), 8(c) (2012).

This Court may appoint counsel under the Criminal Justice Act in this case if the court

determines that the interests of justice so require. 28 U.S.C. § 2254(h); 18 U.S.C. §

3006A(a)(2)(B); *see Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) ("In deciding whether

to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of

success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light

of the complexity of the legal issues involved."). Hampton's claims are without merit and he

was able to sufficiently articulate his claims in state court as well as in his petition filed with this

Court. Additionally, because the pleadings have been completed, appointment of counsel is

unnecessary at this time.  Accordingly, Hampton's request for the appointment of counsel will be denied.

## C. Merits

Claim One: failure to *sua sponte* instruct the jury that self-defense lies for a person who resists a forcible and atrocious crime

Hampton argues that the trial court erred in failing to *sua sponte* instruct the jury on the optional portion of CALCRIM No. 505 which provides that a defendant acted in lawful self-defense if he reasonably believed that he was in imminent danger of being the victim of a "forcible and atrocious crime."  Hampton argues that under California case law, a trial court is obligated to instruct a jury on an affirmative defense where it appears that the defendant is relying on the defense, or if there is substantial evidence to support the defense and it is not inconsistent with the defense's theory of the case.  Hampton contends that the defense proceeded on a theory of self-defense, and that because he testified that Giurbino robbed him at gunpoint, "the evidence more than amply supported either self-defense predicated on resistance to the imminent threat of death or great bodily injury or on resistance to the imminent threat of robbery."  Hampton therefore argues that the court's failure to *sua sponte* instruct on self-defense in resistance to a forcible and atrocious crime violated his right to present a defense, to a fair trial, to a jury trial, and due process of law pursuant to the Fifth, Sixth, and Fourteenth Amendments.

The California Court of Appeal rejected Hampton's claim, holding that the defense did not rely on the theory of self-defense based on resistance to the crime of robbery, the evidence was not sufficient to support that theory of self-defense, and that even if the trial court had

instructed the jury regarding self-defense based on resistance to a robbery, the jury would have rejected it because there was no evidentiary basis for the jury to distinguish between self-defense based on resistance to the crime of robbery and self-defense based on the imminent danger of being killed or suffering great bodily injury.  *People v. Hampton*, C061681, 2010 WL 4201741, at *5 (Cal. Ct. App. Oct. 26, 2010).  The California Supreme Court denied review without comment.

In arguing that the evidence supported *sua sponte* jury instructions on self-defense predicated on the resistance to robbery, Hampton is impermissibly asking this Court to reexamine the court of appeal's interpretation and application of state law.  It is a fundamental precept of dual federalism that the states possess primary authority for defining and enforcing the criminal law.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law).  "[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."  *Bradshaw v. Richey,* 546 U.S. 74, 76 (2005).  A determination of state law by a state intermediate appellate court is also binding in a federal habeas action.  *See Hicks v. Feiock,* 485 U.S. 624, 629-30 & n.3 (1988) (noting state appellate court's determination of state law is binding and must be given deference).

Here, the court of appeal identified the applicable state law governing the standard for issuing *sua sponte* jury instructions and applied the law to the facts of the case, finding that Hampton was not relying on the defense and the evidence did not support the theory that Hampton killed Giurbino in fear of imminent danger of a robbery.  Under AEDPA, the court of appeal's findings of fact are presumed to be correct unless Hampton rebuts this presumption by

clear and convincing evidence, a burden Hampton has failed to carry.  28 U.S.C. § 2254(e)(1);

*see also Miller-El*, 537 U.S. at 340.  Hampton's argument that the alleged error amounts to a

constitutional violation is merely an impermissible attempt to "transform a state law issue into a

federal one merely by asserting a due process violation."  *Langford v. Day*, 110 F.3d 1380, 1389

(9th Cir. 1996).

> Claim Two: the court of appeal erred by denying his petition on the same day it was
> received and without comment

Hampton argues that this Court is required to independently review the record to assess

the reasonableness of the court of appeal's denial of relief where the court denied Hampton's

petition on the same day it was stamped and received and the court's order fails to state any

reasons for denying Hampton relief.  Hampton argues that the court was required to explain its

decision pursuant to the California Rules of Court and California case law.

Hampton is not entitled to relief on this claim because he fails to allege that he is in

custody in violation of the federal Constitution or laws or treaties of the United States.  28 U.S.C.

§ 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 68 ("In conducting habeas review, a federal court is

limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United

States.") (citations omitted).  Rather, Hampton is alleging that the court of appeal's denial of his

petition violated state law as set forth in the California Rules of Court and California case law,

and "federal habeas corpus relief does not lie for errors of state law."  *Estelle*, 502 U.S. at 67.

Moreover, the U.S. Supreme Court has held that federal habeas review does not require that there

be an opinion from the state court explaining the state court's reasoning.  *Richter*, 131 S. Ct. at

784.[1]

<u>Claim Three: the trial court erred in denying his motion for a new trial</u>

Hampton argues that the trial court's denial of his motion for a new trial denied him due process of law.  Hampton appears to argue that because he testified that he did not consciously think of shooting Giurdino, the evidence was insufficient to find that he acted with express or implied malice.

Hampton filed a Petition for Writ of Habeas Corpus in the superior court alleging that the trial court erroneously denied his motion for a new trial, and also that appellate counsel was ineffective for failing to raise this issue in his appeal.  The superior court held that Hampton's claim that the trial court erred in denying his motion for a new trial should have been raised on direct appeal and was accordingly barred by *In Re Dixon*, 41 Cal. 2d 756, 759 (1953), and *In Re Harris*, 5 Cal. 4th 813, 828 (1993).  *In re Hampton*, No. 11F06604, at 1 (Cal. Super. Ct. Dec. 1, 2011).  However, as Hampton alleged that his appellate counsel was ineffective for failing to raise this claim and ineffective assistance of counsel claims are not generally barred by *In Re Dixon* and *In Re Harris*, the superior court addressed the substance of his claim as part of his ineffective assistance of counsel claim.  *Id*. at 1-2.  The superior court held that Hampton could not establish that his appellate counsel could have successfully raised the superior court's denial of his motion for a new trial on appeal.  *Id*. at 2.  The court held that the jury was not required to believe Hampton's version of the events, and that the prosecution had presented evidence by which a jury could infer that Hampton had the implied malice required to convict him of second-

---

[1]In any event, the file stamp marks indicate that Hampton's Petition for Writ of Habeas Corpus was filed with the California Court of Appeal on January 12, 2012, and the order denying Hampton relief was entered on January 19, 2012.

degree murder.  *Id*. at 2.

Hampton subsequently raised this issue in his Petitions for Writ of Habeas Corpus filed

with the California Court of Appeal and the California Supreme Court, arguing that the trial court

erred in denying his motion for a new trial because there was insufficient evidence to sustain the

verdict.  Both courts denied his petition without comment.  Neither court held that Hampton's

claim was barred because he failed to raise it on direct appeal.  Respondent notes that the

superior court found a partial bar but does not raise procedural bar as an affirmative defense and

instead claims that Hampton should be denied relief on the merits of his claim.  Thus, this Court

may reach the merits of Hampton's claim that the trial court erred in denying his motion for a

new trial because there was insufficient evidence to support the verdict.  *See Vang v. Nevada*,

329 F.3d 1069, 1073 (9th Cir. 2003).

As articulated by the United States Supreme Court in *Jackson v. Virginia*, the

constitutional standard for sufficiency of the evidence is whether, "after viewing the evidence in

the light most favorable to the prosecution, *any* rational trier of fact could have found the

essential elements of the crime beyond a reasonable doubt."  443 U.S. 307, 319 (1979).  This

Court must  therefore determine whether the superior court unreasonably applied *Jackson* when

reaching the merits of Hampton's claim within the context of his ineffective assistance of counsel

claim.  In making this determination, this Court may not usurp the role of the finder of fact by

considering how it would have resolved conflicts in testimony, weighed the evidence, or made

inferences.  *Jackson*, 443 U.S. at 319.  Rather, when "faced with a record of historical facts that

supports conflicting inferences," this Court "must presume–even if it does not affirmatively

appear in the record–that the trier of fact resolved any such conflicts in favor of the prosecution,

and defer to that resolution." *Id*. at 326.

In this case, the superior court did not unreasonably apply *Jackson*.  Rather, the court resolved any conflict in the evidence in favor of the prosecution.  The court noted that the prosecution presented evidence by which a jury could infer that the circumstances surrounding the shooting furnished the implied malice required to convict Hampton of second-degree murder. Among other things, Hampton testified that he was a drug dealer and that he had taken the victim for a ride to sell him some drugs.  Hampton admitted that he lied to police in his statements to them subsequent to the shooting.  Hampton attempted to prevent his girlfriend from testifying at trial, fled the scene rather than assist the victim, got rid of the murder weapon and attempted to destroy physical evidence of the crime.  As the superior court noted, the jury was not required to believe Hampton's account of the events and could have found that Hampton acted with the requisite malice.  The record does not compel the conclusion that no rational trier of fact could have found proof of malice aforethought, especially considering the double deference owed under *Jackson* and AEDPA.  Accordingly, Hampton is not eligible for relief on this claim.

Claim Four: cumulative error

Hampton lastly argues that the combined effect of the foregoing errors amounted to a violation of his Fifth, Sixth and Fourteenth Amendment rights.

Hampton raised this issue in his Petition for Writ of Habeas Corpus filed with the California Supreme Court, which denied his petition without comment.  This Court must therefore presume that the California Supreme Court adjudicated this claim on the merits and Hampton's burden "still must be met by showing there was no reasonable basis for the state court to deny relief."  *Richter*, 131 S. Ct. at 784-85.

The Supreme Court has clearly established that the combined effect of multiple trial court errors violates due process where it renders the resulting criminal trial fundamentally unfair. *Chambers*, 410 U.S. at 298, 302-03 (combined effect of individual errors "denied [Chambers] a trial in accord with traditional and fundamental standards of due process" and "deprived Chambers of a fair trial").  The cumulative effect of multiple errors can violate due process even where no single error rises to the level of a constitutional violation or would independently warrant reversal.  *Id.* at 290 n.3.

Under traditional due process principles, cumulative error warrants habeas relief only where the errors have "so infected the trial with unfairness as to make the resulting conviction a denial of due process."  *Donnelly v. DeChristoforo,* 416 U.S. 637, 643 (1974).  Such "infection" occurs where the combined effect of the errors had a "substantial and injurious effect or influence on the jury's verdict."  *Brecht,* 507 U.S. 619, 637 (2006) (internal quotations omitted).  In other words, where the combined effect of individually harmless errors renders a criminal defense "far less persuasive than it might [otherwise] have been," the resulting conviction violates due process.  *See Chambers,* 410 U.S. at 294.

Hampton does not allege any claims which amounted to error.  Accordingly, there is nothing to accumulate to a level of a constitutional violation, and the California Supreme Court did not unreasonably deny him relief on this claim.  *See Mancuso v. Olivarez*, 292 F.3d 939, 957 (9th Cir. 2002).

## V.  CONCLUSION AND ORDER

Hampton is not entitled to relief on any ground raised in his Petition.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

-12-

**IT IS FURTHER ORDERED THAT** Hampton's request for an evidentiary hearing is **DENIED**.

**IT IS FURTHER ORDERED THAT** Hampton's request for the appointment of counsel is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.  28 U.S.C. § 2253(c); *Banks v. Dretke,* 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El*, 537 U.S. at 327)).  Any further request for a Certificate of Appealability must be addressed to the Ninth Circuit Court of Appeals.  *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.

The Clerk of the Court is to enter judgment accordingly.

Dated:  March 29, 2013.

/s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Judge