IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHON ANDREW HAMPTON,<br>Petitioner,<br>vs.<br>M. BITER, Warden, Kern Valley State Prison,<br>Respondent. | No. 2:12-cv-00946-JKS<br><br>ORDER<br>[Re: Motions at Docket Nos. 25, 26 and 27] |

Jonathon Andrew Hampton, a state prisoner appearing *pro se*, timely filed a "Motion for Reconsideration under F.R.C.P. Rules 59(e), 60(b)" at Docket No. 25, a "Motion to Alter Judgment pursuant to F.R.C.P. 59(e), 60(b)" at Docket No. 26, and a "Motion for Relief from Judgment under F.R.C.P. Rules 59(e), 60(b)" at Docket No. 27. Hampton seeks relief from the Memorandum Decision and Judgment of this Court denying his Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 on March 29, 2013, at Docket Nos. 23 and 24, and the points of error he raises in his motions are essentially the same. Because Hampton is seeking reconsideration of the judgment of this Court and the motions were filed within twenty-eight days of entry of judgment, his motions are treated as motions to alter or amend the judgment under Federal Rule of Civil Procedure 59(e).[1]

---

[1] *See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001) ("[A] motion for reconsideration is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure Rule 59(e) if it is filed within [twenty-eight] days of entry (continued...)

In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) the motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) the motion is necessary to present newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law. *Allstate Ins. Co. v. Herron,* 634 F.3d 1101, 1111 (9th Cir. 2011). However, "amending a judgment after its entry [is] an extraordinary remedy which should be used sparingly." *Id.* (citation and internal quotation marks omitted). Further, a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 2810.1 (2d ed. 1995)).

Hampton has not made an adequate showing under any of the four basic grounds for reconsideration referenced above; rather, he simply repeats arguments raised in his Petition and Traverse. Hampton has failed to provide any basis upon which this Court could reconsider its decision.

**IT IS THEREFORE ORDERED THAT** the Motion for Reconsideration at Docket No. 25 is **DENIED**; the Motion to Alter Judgment at Docket No. 26 is **DENIED**; and the Motion for Relief from Judgment at Docket No. 27 is **DENIED**.

---

[1](...continued)
of judgment."); Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[2] Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.[3]

Dated: May 1, 2013.

/s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Judge

---

[2] 28 U.S.C. § 2253(c); *Banks v. Dretke,* 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003))).

[3] *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.